**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2015[*]
Decided August 6, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-1531

| | |
|---|---|
| EUGENE D. CHERRY, <br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
|    *v.* | |
| | No. 1:12-cv-982-RLY-TAB |
| DUKE REALTY INVESTMENTS, INC., <br> *et al.*, <br>    *Defendants-Appellees*. | Richard L. Young, <br> *Chief Judge*. |

## O R D E R

Eugene Cherry, a former construction worker, suffered serious injuries when he fell 32 feet at a job site in 1996, but he did not file this lawsuit (which concerns those injuries) until 2012. Invoking RICO and Indiana common law of fraud, he claims that a group of entities conspired to prevent him from discovering that his "true" employer was a company called "Steel Frame Erectors," and that they perpetrated this fraud in order to prevent him from filing a tort claim against Duke Realty Investments. But the district judge correctly concluded that the statute of limitations had expired by 2012.

---

[*] Oral argument is unnecessary, the briefs and record are sufficient.

Cherry had alleged in a 2005 suit for negligence against Duke Realty that at the time of the accident he had been employed by Steel Frame Erectors. The statute of limitations on his RICO claim was four years, see *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009), and on his state-law fraud claim six, see IND. CODE § 34-11-2-7(4) and each limitations period began to run when Cherry discovered the alleged fraud. See *Jay E. Hayden Foundation v. First Neighbor Bank, N.A.*, 610 F.3d 382, 386–87 (7th Cir. 2010) (RICO); *Landers v. Wabash Center, Inc.*, 983 N.E.2d 1169, 1172 (Ind. App. 2013) (fraud). The fraud alleged is the concealment of the identity of Cherry's true employer. But by 2005 he knew that identity and could not wait seven years to bring this suit without encountering the bar of the six-year statute of limitations.

AFFIRMED